# COMPOSITE EXHIBIT "A"

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.     CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

<u>Windy Smith</u>
Plaintiff                                                                                    Case # _____
                                                                                       Judge  _____

vs.
<u>AMAZON.COM SERVICES LLC</u>
Defendant

    **II.     AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☒ $30,001- $50,000
- ☐ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

    **III.     TYPE OF CASE**     (If the case fits more than one type of case,  select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 2 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**IV.   REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.   NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

   2

**VI.   IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ no

**VII.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ no
☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ yes
☐ no

**IX.   DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
☐ yes
☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Peter M Hoogerwoerd        Fla. Bar # 188239
          Attorney or party                    (Bar # if attorney)

Peter M Hoogerwoerd            08/19/2022
(type or print name)                Date

IN THE CIRCUIT COURT OF THE 11TH<br>
JUDICIAL CIRCUIT IN AND FOR<br>
MIAMI-DADE COUNTY, FLORIDA

WINDY SMITH,

 Plaintiff,    CASE NO. _____

v.

AMAZON.COM SERVICES, LLC,
a Foreign Limited Liability Company,

 Defendant.

_____/

## COMPLAINT

Plaintiff, WINDY SMITH ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, AMAZON.COM SERVICES, LLC ("Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs to redress injury done to Plaintiff by the Defendant for disability discrimination and failure to accommodate in violation of the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq*. ("FCRA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court, and is otherwise *sui juris*.

3. Defendant has a place of business in Miami-Dade County, Florida, where at all times material hereto Plaintiff was employed by Defendant.

4. Venue is proper in Miami-Dade County, Florida because all of the actions that form the basis of this Complaint occurred within Miami-Dade County, Florida and payment was due in Miami-Dade County, Florida.

5. Defendant was a "person" and/or "employer" pursuant to the FCRA since it employs fifteen (15) or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the FCRA and is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

8. Plaintiff received a Right to Sue letter from the EEOC on May 25, 2022, and timely brought suit thereafter.

9. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

10. All conditions precedent for the filing of this action before this Court have previously been met, including the exhaustion of all pertinent administrative procedures and remedies.

11. Plaintiff has retained the undersigned counsel so that her rights and interests may be protected and has thus become obligated to pay the undersigned a reasonable attorney's fee.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was hired by Defendant on or about May 5, 2020 to perform work for Defendant as a Picker.

13. Plaintiff's job duties included, but were not limited to, selecting, packing, and preparing for shipping the merchandise from Defendant's warehouse.

14. At all times material hereto, Plaintiff suffered from one or more physical conditions that substantially limited her ability to perform one or more major life activities.

15. Plaintiff is an individual with a disability, as defined under the FCRA, who is qualified to perform the essential functions of her position, with or without the aid of a reasonable accommodation, and she is therefore within a class of persons protected against discrimination in her employment under the FCRA.

16. Specifically, Plaintiff suffers from Human Immunodeficiency Virus ("HIV").

17. Plaintiff's health condition is a chronic condition that affects the Plaintiff's immune system, causing Plaintiff to experience symptoms, including, but not limited to, fatigue, fever, and dizziness, among others.

18. Plaintiff has to take antiretroviral medications to manage her condition. At the relevant time of this action, Plaintiff was taking a medication called Genvoya. The side effects of Plaintiff's medication cause her to experience fluctuating levels of energy, added fatigue, and tiredness throughout the day.

19. Plaintiff's health condition and medication caused her to experience substantial limitations to her ability to perform one or more major life activities, including, but not limited to, performing prolonged physical activity and maintaining energy/stamina throughout the day.

20. Plaintiff informed Defendant of her disability at or around the time she was hired.

21. Plaintiff informed Defendant of the symptoms and side effects associated with her condition and medication, respectively.

22. On or around July 2020, Plaintiff's manager, Devante Mahammad, mentioned to Plaintiff that he had noticed she lacked energy and it appeared to him that Plaintiff was having difficulty keeping up with her quotas.

23. Plaintiff explained her condition and the side effects of the medication she takes to Mahammad, who then referred Plaintiff to speak to Defendant's Human Resources Representative, Sarah Torres.

24. Torres asked Plaintiff to provide her with a doctor's note detailing her disability and her need for reasonable accommodation.

25. Plaintiff submitted the documents, as requested; however, Plaintiff's request for reasonable accommodation was denied.

26. Plaintiff was instructed by HR to discuss her issues at work with her manager, Mahammad, suggesting that Plaintiff should perhaps seek a transfer to a different position.

27. Plaintiff spoke to Mahammad about the denial of her accommodation request and the suggestion that she seek a transfer.

28. At the time Plaintiff spoke with Mahammad, Mahammad told Plaintiff that there would be a management and staff change taking place on or around November 2020, and a transfer to a new position would not be necessary at that time.

29. Plaintiff still expressed concerns regarding the performance of her job duties, considering her request for reasonable accommodation was denied and no alternative accommodations were offered by Defendant.

30. Mahammad told Plaintiff that she can be assured that he would not fire her as long as she follows company protocols and lets him know if she was having any issues.

31. On or around November 2020, Plaintiff was assigned a new manager, Victor Pina, to whom Plaintiff made her condition and side effects of her medication known.

32. Pina had assigned Plaintiff to Picker duties that involved moving longer distances around Defendant's warehouse and more climbing of stairs to retrieve items/merchandise.

33. Plaintiff had mentioned to Pina what she had discussed with Mahammad regarding her issues and the lack of accommodation provided by Defendant.

34. Despite Plaintiff informing Pina of her situation regarding her known health condition and side effects of her medication, Pina wrote up and subsequently terminated Plaintiff for working too slowly and not keeping up with her picker quota.

35. Plaintiff was terminated on or about December 17, 2020, with the Defendant's stated reason being Plaintiff's failure to keep up with her work demands.

36. On information and belief, other similarly situated pickers who did not suffer from any known or apparent disability did not face similar levels of mistreatment as the Plaintiff.

37. At all times material hereto, Plaintiff was qualified for her position with Defendant.

38. Throughout Plaintiff's employment, Plaintiff always performed the essential functions of her job duties and responsibilities at satisfactory and above satisfactory levels.

39. Any reason proffered by Defendant for the adverse employment actions mentioned herein is mere pretext for unlawful discrimination and retaliation.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

40. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this Complaint as if set out in full herein.

41. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a protected class under the FCRA.

42. At all times material hereto, Plaintiff was qualified for her position with Defendant.

43. Plaintiff suffers from Human Immunodeficiency Virus ("HIV"), a chronic condition that affects the Plaintiff's immune system and causes Plaintiff to experience symptoms, including, but not limited to, fatigue, fever, and dizziness, among others.

44. Plaintiff's antiretroviral medication for her condition has side effects, causing her to experience, among other things, fluctuating levels of energy, added fatigue, and tiredness throughout the day.

45. Plaintiff's health condition and medication caused her to experience substantial limitations to her ability to perform one or more major life activities, including, but not limited to, performing prolonged physical activity and maintaining energy/stamina throughout the day.

46. Plaintiff was known to have or regarded as having a disability by Defendant and Defendant's management and human resources, as Plaintiff had informed her managers and/or supervisors and Defendant's human resources of her health condition and side effects of her medication, both verbally and in writing, providing such individuals with doctor's notes and documentation regarding her condition.

47. By the conduct described above, Defendant has engaged in discriminatory conduct against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

48. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff has a disability.

49. Plaintiff can and did perform the essential functions of her job with or without reasonable accommodation.

50. Defendant's conduct complained of herein was willful and in reckless disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on

the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

51. Defendant's discriminatory conduct was directly related to and because of Plaintiff's disability.

52. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

53. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

54. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

55. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under State and federal law.

56. The actions of the Defendant and/or its agents were willful, wanton, intentional, and made with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

57. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *Failure to Accommodate in Violation of the FCRA*

58. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-39 of this Complaint as if set out in full herein.

59. Defendant is an employer as that term is defined under the applicable statute, the FCRA.

60. Plaintiff suffers from one or more physical or mental conditions which qualify as disabilities that substantially limit one or more major life activities, thus Plaintiff is a member of a protected class under the FCRA.

61. At all times material hereto, Plaintiff was qualified for her position with Defendant.

62. Plaintiff suffers from Human Immunodeficiency Virus ("HIV"), a chronic condition that affects the Plaintiff's immune system and causes Plaintiff to experience symptoms, including, but not limited to, fatigue, fever, and dizziness, among others.

63. Plaintiff's antiretroviral medication for her condition has side effects, causing her to experience, among other things, fluctuating levels of energy, added fatigue, and tiredness throughout the day.

64. Plaintiff's health condition and medication caused her to experience substantial limitations to her ability to perform one or more major life activities, including, but not limited to, performing prolonged physical activity and maintaining energy/stamina throughout the day.

65. Plaintiff is, and all material times was, qualified to perform the essential functions of her position with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined under the FCRA.

66. Defendant interfered or failed to provide Plaintiff with a reasonable accommodation as that term is defined in the FCRA.

67. Plaintiff's requests for accommodations were reasonable and would not have caused Defendant undue hardship.

68. As a direct and proximate result of the foregoing unlawful acts and omissions committed by Defendant, Plaintiff has suffered and will continue to suffer mental anguish, emotional distress, added expense, loss of benefits, embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

69. These damages are continuing and permanent.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b.  Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d.  Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e.  Award Plaintiff the costs of this action, together with a reasonable attorney's fee; and

f.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated:  August 19, 2022               Respectfully submitted,

 /s/ Corey L. Seldin
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 188239
pmh@rgpattorneys.com
Corey L. Seldin, Esq.
Fla. Bar. No.: 1026565
cseldin@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

Filing # 156112319 E-Filed 08/25/2022 01:38:50 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI
DADE COUNTY, FLORIDA.

CASE NO. 2022-015638-CA-01

WINDY SMITH,

    Plaintiff,

vs.

AMAZON.COM SERVICES, LLC,
a Foreign Limited Liability Company,

    Defendant.

_____/

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 9-30-22 TIME 8:44

## SUMMONS IN A CIVIL CASE

**TO: AMAZON.COM SERVICES, LLC**, through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    PETER HOOGERWOERD, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts                                               9/12/2022

CLERK    217043                                   DATE
(BY) DEPUTY CLERK





# Notice of Service of Process

**null / ALL**
**Transmittal Number: 25657181**
**Date Processed: 10/03/2022**

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Kimberly Thomas<br>Theresa Nixon<br>Vivian Ching<br>Luana Kooker<br>Lacy O'Block<br>Arianna Smogard<br>Sara Rawson<br>Lizette Fernandez<br>Lynn Foley-Jefferson<br>Maria Catana<br>Stephanie Habben<br>Karen Curtis<br>Rochelle Lewis |

| | |
|---|---|
| **Entity:** | Amazon.com Services LLC<br>Entity ID Number  2102616 |
| **Entity Served:** | Amazon.com Services, LLC |
| **Title of Action:** | Windy Smith vs. Amazon.com Services, LLC |
| **Matter Name/ID:** | Windy Smith vs. Amazon.com Services, LLC (13021712) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Miami-Dade County Circuit Court, FL |
| **Case/Reference No:** | 2022-015638-CA-01 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 09/30/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Remer & Georges-Pierre, PLLC<br>305-416-5000 |
| **Client Requested Information:** | Amazon Case Type: Employment Litigation |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com